IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| WANDA LOUISE DOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:21-CV-00296 |
| | ) | |
| v. | ) | Scott County Circuit Court |
| | ) | Case No. 21SO-CV00100 |
| DOLLAR TREE STORES, INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant Dollar Tree Stores, Inc., pursuant to 28 U.S.C. §1441(b) and 28 U.S.C. §1446, hereby files this Notice of Removal of the above-entitled action to the United States District Court for the Eastern District of Missouri, and in support thereof, states as follows:

### A.   Venue is proper in the U.S. District Court for the Eastern District of Missouri

1.      The above-entitled action was filed by Plaintiff in Scott County, Missouri as Case No. 21SO-CV00100 on January 25, 2021.

2.      Pursuant to 28 U.S.C. §1446(a), venue lies in the United States District Court for the Eastern District of Missouri, Southern Division, because Scott County, Missouri is within the Eastern District of Missouri.

### B.   The Procedural Requirements for Removal are Satisfied

3.      Defendant Dollar Tree Stores, Inc. was served with the Summonses and Complaint on or about February 23, 2021. This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b)(1).

4.      Written notice of the filing of this Notice of Removal is being given to Plaintiff and a copy of this Notice of Removal is being filed with the Scott County County Clerk of Court pursuant to 28 U.S.C. §1446(d).

5.      Copies of all known process and pleadings served upon Defendant are filed contemporaneously with this Notice of Removal in accordance with 28 U.S.C. §1446(a). (*See* Exhibit 1).

C.      **There is Diversity Among The Parties**

6.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a) and removal to this Court is proper pursuant to 28 U.S.C. §1441(b)(2) because none of the Defendants are a citizen of this State, and there is complete diversity of citizenship between all parties.

7.      Plaintiff is an individual domiciled in Missouri and Plaintiff is a citizen of the State of Missouri.

8.      Defendant Dollar Tree Stores, Inc. is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business in the State of Virginia. Defendant Dollar Tree Stores, Inc. is a citizen of the State of Virginia.

D.      **The Amount in Controversy Exceeds $75,000**

9.      The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. §1332(a), in that Plaintiff in her Complaint alleges: she has "sustained a fracture[d] knee, fractured foot, and contusion to the right hand"; she has "suffered, continues to suffer and will suffer weakness, restriction of movement, and other limitations of use"; she has been caused "great mental anguish and pain of mind and body"; and, her "ability to enjoy life has been and will be severely lessened, diminished, damages and impaired." See Exhibit 1,

Plaintiff's Petition, ¶ 12.  In addition, Plaintiff's Petition requests judgment for a sum in excess of $25,000 along with the costs of the suit. *Id*.

10.     Under Missouri Supreme Court Rule 55.05, a plaintiff alleging a tort claim is not permitted to plead a specific dollar amount, except to determine jurisdiction. *Carlyon v. Counts*, 4:16 CV 776 CDP, 2016 WL 3753704, at *1 (E.D. Mo. July 14, 2016).

11.     "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332 (a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, *except that* – (A) the notice of removal may assert the amount in controversy if the initial pleading seeks – (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."  28 U.S.C. §1446(c)(2)(A)(ii).

12.     The removing party "need not 'confess liability in order to show that the controversy exceeds the threshold.' " *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 945 (8th Cir. 2012) (*quoting Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir. 2005)).

> "[T]he removing party's burden is to show not only what the stakes of the litigation *could be,* but also what they *are* given the plaintiff's actual demands.... The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks."

*Id.* (quoting *Brill,* 427 F.3d at 449).

13.     Given Plaintiff's allegations detailed above, Defendant makes a good faith estimate of the amount in controversy exceeds $75,000, exclusive of interest and costs, and it is not legally certain that the amount in controversy is less than $75,000.

**WHEREFORE**, Defendant Dollar Tree Stores, Inc., prays that this Honorable Court enter an Order causing said Cause No. 21SO-CV00100 of Scott County, Missouri Circuit Court

to be removed to this Court for further proceedings, and that this Court take jurisdiction herein, and make further orders as may be just and proper.

 /s/ Patrick E. Foppe
Patrick E. Foppe                          #57124
Evan M. Porter                            # 63168
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, MO  63101
(314) 621-2939 (Telephone)
(314) 621-6844 (FAX)
pfoppe@lashlybaer.com
eporter@lashlybaer.com

*Attorneys for Defendant Dollar Tree Stores, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically with the Clerk of Court on March 9, 2021, to be served by operation of the Court's electronic filing system upon: James Edward Parrot, 1221 Locust Street, Suite 1000, St. Louis, MO 63101, parrotlaw@sbcglobal.net.

 /s/ Patrick E. Foppe